Reynolds v. Phillips.

## C. O. Reynolds
### v.
## J. J. Phillips.

1. TRESPASS FOR KILLING DOG.—Where a dog without any provocation assails a man upon the public highway, and is killed by the man in self-defense, the act of killing is justifiable, although theretofore the dog may not have been regarded as ferocious, and may not have been accustomed to attack persons.

2. EVIDENCE.—The exclusion from the jury of the evidence offered by appellant, of the bad habits of the dog, other than those involved in the plea of justification, was error. Such testimony was admissible, not in bar of the action, but in mitigation of the damages to be considered by the jury in assessing the value of the dog.

3. INSTRUCTIONS.—Instructions which are argumentative are improper.

APPEAL from the Circuit Court of Clay county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed October 10, 1883.

Mr. H. H. CHESLEY and Mr. D. C. HAGLE, for appellant; that it was error to exclude evidence of the bad habits of the dog, cited Spray v. Ammerman, 66 Ill. 309.

As to instructions: Roach v. The People, 77 Ill. 25; Steinmeyer v. The People, 95 Ill. 383.

It was error not to set aside the verdict and grant a new trial: Crabtree v. Hagenbaugh, 23 Ill. 349; Martin v. Morelock, 32 Ill. 485.

Mr. F. G. COCKRELL, for appellee; cited Brent v. Kimball, 60 Ill. 211.

BAKER, J.   This was trespass against appellant for killing appellee's dog.   The judgment was for appellee for damages and costs.

There was evidence to the effect that appellant at the time of the killing was walking on the public street, and the dog dashed at him, barking and snapping; and that appellant, from his appearance and actions, thought the dog intended to bite him.   The testimony was conflicting as to whether the dog was dangerous and accustomed to attack persons or otherwise.   The court instructed the jury: "That an individual has no right to kill the dog of another unless the dog is caught wounding or chasing sheep, or has recently been bitten by another dog which is mad or supposed to be so; or when the dog is ferocious and attacks a person.   That unless you find from the evidence the dog in question was vicious and accustomed to attack persons, and that defendant killed him in self-defense, you should find for the plaintiff."   We may eliminate from this instruction what is said therein with reference to sheep and mad dogs, as these matters have nothing to do with the case in hand.   It is evident the instruction imposes upon appellant too great a burden of proof.   If the dog without any provocation assailed appellant upon the public highway and was killed by him in self-defense, then the act of killing was justifiable although the dog may not theretofore have been regarded as ferocious, and may not have been accustomed to attack persons.   Credit v. Brown, 10 Johns. 365.

A man is not bound under such circumstances to stop and investigate as to the antecedent habits of the dog.

Several other instructions given for appellee are also objectionable; they are argumentative, and direct the special attention of the jury to some of the particular circumstances in proof, thereby giving to such circumstances undue prominence.

It was also error to exclude from the jury evidence offered by appellant of bad habits of the dog other than those involved in the plea of justification. The proffered testimony was admissible, not in bar of the action but in mitigation of damages to be considered by the jury in assessing the value of the dog. Spray v. Ammerman, 66 Ill. 309.

The judgment is reversed and cause remanded.

Reversed and remanded.